# EXHIBIT 1

**1SETTLEMENT AGREEMENT AND RELEASE**

This Settlement Agreement and Release (the "Agreement") is made and entered into by and between the following parties on August 24, 2021: Plaintiffs Paul Gifford, Mary Lou Molina, Randy Miland ("Plaintiffs" or "Class Representatives"), and Defendant Pets Global Inc. ("Pets Global") (collectively, the "Parties"), in the action entitled *Gifford et al., v. Pets Global Inc.*, Case No. 2:21-CV-02136-CJC-MRW (C.D.Cal.).

## I. DEFINITIONS

As used in this Agreement and all related documents, the following terms have the following meanings:

A. "Action" means *Gifford et al., v. Pets Global Inc.*, Case No. 2:21-CV-02136-CJC-MRW (C.D.Cal.).

B. "Agreement" means this Settlement Agreement and Release.

C. "Amended Complaint" means Amended Class Action Complaint filed in the Action on June 2, 2021 and which will be the operative pleading for purposes of entering the Final Approval Order and Final Judgment.

D. "Challenged Representations" means any representation made by Pets Global, whether on a pet food product label or in ancillary marketing, that states or suggests that the Products are "grain free" or "chicken free".

E. "Claim" means the claim of a Settlement Class Member submitted as provided in this Agreement.

F. "Claimant" means a Settlement Class Member who submits a Claim Form.

G. "Claim Form" means a claim form in substantially the same form and substance as the claim form attached hereto as Exhibit B. The parties recognize and agree that the Claim Form may be revised to apply fraud-filtering measures (such measures to be provided by the Settlement Administrator prior to the Notice Period) to Claimants that receive a Claim Form by U.S. mail and agree that the on-line Claim Form may appear in a different format.

H. "Claim Period" means the time period in which Class Members may submit a Claim Form for review to the Class Action Settlement Administrator. The Claim Period shall run from the date that the Class Notice is initially disseminated until thirty (30) days after the date of Final Approval of the Settlement.

I. "Claims Process" means the process for Settlement Class Members' submission of Claims as described in this Agreement.

J. "Class Counsel" (also referred to as "Plaintiffs' Counsel") means J. Hunter

Bryson, Alex Strauss, Gregory Coleman, and Daniel K. Bryson of Milberg Coleman Bryson Phillips & Grossman, PLLC. Plaintiffs' Counsel also includes any partner or attorney employed by these law firms.

K. "Class Notice" means notice of the proposed settlement to be provided to Settlement Class Members under Section VII of the Agreement substantially in the form attached as Exhibit B and Exhibit C.

L. "Class Period" means June 2, 2017 (four years prior to the filing of the First Amended Complaint) through the date of Preliminary Approval of the Settlement.

M. "Class Representatives" means Paul Gifford, Mary Lou Molina, and Randy Miland.

N. "Court" means the United States District Court for the Central District of California in which the "Action" is pending.

O. "Effective Date" means (a) if no objection is raised to the proposed settlement at or prior to the Final Approval Hearing, the date on which the Final Approval Order and Judgment is entered; or (b) if any objections are raised to the proposed settlement at or before the Final Approval Hearing and not withdrawn prior to the Final Judgment, the latest of (i) the expiration date of the time for filing or notice of any appeal from the Final Approval Order and Judgment, (ii) the date of final affirmance of any appeal of the Final Approval Order and Judgment, (iii) the expiration of the time for, or the denial of, a petition for writ of certiorari to review the Final Approval order and Judgment and, if certiorari is granted, the date of final affirmance of the Final Approval Order and Judgment following review pursuant to that grant; or (iv) the date of final dismissal of any appeal from the Final Approval Order and Judgment or the final dismissal of any proceeding on certiorari to review the final approval order and judgment; provided, however, that any appeal that exclusively concerns the award of attorneys' fees, expenses, and/or incentive awards shall not delay the Effective Date of the Settlement.

P. "Final Approval Hearing" means the hearing at or after which the Court will make a final decision whether to approve this Agreement and the settlement set forth herein as fair, reasonable, and adequate. The Parties agree to seek a date for the Final Approval Hearing approximately one hundred and fifty (150) days following entry of the Preliminary Approval Order.

Q. "Final Approval Order" means the order which the Court enters adjudging the Settlement to be fair, reasonable, and adequate.

R. "Final Judgment" means the judgment the Court enters, finally approving the Agreement and class settlement.

S. "Household" means, without limitation, all Persons who share a single physical address. For all Persons who are a legal entity such as a corporation, partnership, business organization or association, or any other type of legal entity, there can be only one physical

address used even if such Person has multiple offices.

T.    "Internet Notice" means notice of the proposed settlement to be provided to potential Settlement Class Members under Section VII of the Agreement.

U.    "Objection/Exclusion Deadline" means the date twenty-one (21) days prior to the Final Approval Hearing.

V.    "Objector" means a Settlement Class Member who objects to final approval of the Settlement.

W.    "Parties" means the Class Representatives and the Defendant.

X.    "Plaintiffs" means Plaintiffs Paul Gifford, Mary Lou Molina, Randy Miland.

S.    "Preliminary Approval" means the date the Court preliminarily approves the settlement of the Action, including but not limited to, the terms and conditions of this Agreement.

T.    "Products" means all pet food products manufactured or produced for Pets Global and marketed or labelled as "grain free" or "chicken free" or with some similar designation claiming the absence of any grain or chicken, and including without limitation all Zignature products manufactured by Pets Global and those products listed in Plaintiffs' Amended Complaint filed on June 2, 2021. A list of all products covered by this settlement are attached as Exhibit A.

U.    "Proof of Purchase" means receipts, copies of receipts, or other documentation that reasonably establishes the fact and date of the purchase of the Product during the Class Period in the United States or its territories.

V.    "Settlement" means settlement of the Action pursuant to the terms and conditions of this Settlement Agreement and Release.

W.    "Settlement Administrator" means the neutral third-party agent or administrator jointly agreed to by the Parties and appointed by the Court. The Parties agree that JND Legal Administration shall be retained to implement the notice, claims, and settlement requirements of this Agreement. Any and all agreements with the Settlement Administrator shall be in writing and subject to the approval of the Settling Defendant and Class Counsel. The Settling Defendant shall bear sole responsibility for all payments to the Settlement Administrator without any dilution to monies due to be paid herein to Settlement Class Members and Class Counsel. Further, all actions of the Class Action Settlement Administrator shall be subject to the oversight of the Parties. The Parties agree and confirm that neither Class Counsel nor Pets Global (including Pets Global's Counsel) will enter into any confidential agreements with the Settlement Administrator without obtaining written express consent from the other Party.

X.    "Settlement Benefit" means the monetary relief available to Settlement Class Members for submitting a Valid Claim under this Agreement.

Y.     "Settlement Class" means: All persons residing in the United States who purchased the Products primarily for personal, family or household purposes, and not for resale, during the Class Period. Excluded from the Settlement Class shall be jurists, mediators, plaintiffs' or defense counsel and their employees, legal representatives, heirs, successors, assigns, or any members of their immediate family; any government entity; Pets Global, any entity in which Pets Global has a controlling interest, any of Pets Global's subsidiaries, parents, affiliates, and officers, directors, employees, legal representatives, heirs, successors, or assigns, or any members of their immediate family.

Z.     "Settlement Class Member" means any member of the Settlement Class. Settlement Class Members shall be restricted to a single person per Household, such that multiple individuals from the same Household may not submit a Claim or otherwise receive a benefit via this Agreement. For example, three individuals from the same Household may not receive a benefit from this Agreement, even if all three individuals show Proof of Purchase or submit a valid Claim Form. Only one individual from that Household may receive a benefit under this Agreement.

AA.     "Settling Defendant" means Defendant Pets Global Inc., which may also be referred to as "Pets Global."

BB.     "Valid Claim" means a claim for monetary relief that is submitted on a Claim Form pursuant to and in compliance with the procedures set forth in this Agreement and is reviewed and approved for authenticity, compliance, and fraud-prevention by the Settlement Administrator.

## II.     LITIGATION BACKGROUND

A.     Pets Global produces and sells a variety of pet food products. The Products are marketed or labelled as "grain free" or "chicken free product," or with some similar designation claiming the absence of any grain or chicken. On March 9, 2021, Plaintiffs sent a letter to Pets Global notifying it of their claim that one of the Products was not actually grain free nor chicken free, and of their intent to bring a suit for damages.

B.     On March 9, 2021 in California, Plaintiffs filed a nationwide class action complaint, *Gifford et al., v. Pets Global Inc.*, Case No. 2:21-CV-02136-CJC-MRW. The complaint alleges that each of the plaintiffs purchased the Products because they were labeled "grain free" and "chicken free" but the third-party testing allegedly shows, contrary to the labeling, that the Products do contain grain and chicken. The action was stayed by the Court, pursuant to a stipulated request, until June 4, 2021. An amended complaint was filed on June 2, 2021.

C.     Following the filing of Plaintiffs' original complaint, counsel for Pets Global conveyed to Plaintiffs it was interested in scheduling a mediation rather than engaging in expensive and time-consuming litigation. The parties agreed on using the Hon. Wayne R. Anderson (Ret.) of JAMS Chicago as their mediator. Judge Andersen has an extensive

background regarding food misrepresentation cases and the parties believed he would be a great fit for mediating this action. On July 14, 2021, a mediation with Judge Andersen occurred and the case did not settle. Before, during, and after the mediations the Parties engaged in a series of discussions, with and without the mediators, regarding a potential settlement of the Action, including substantial arms'-length negotiations. The result was this Settlement, which includes a nationwide class action settlement of the allegations made in Plaintiffs' Complaint and Amended Complaint. The Parties agree that this is a fair, reasonable, and adequate solution for the Settlement Class.

D. Pursuant to the terms and conditions of the Settlement and this Agreement, and per Court Order, the Parties and their counsel have agreed that a Motion for Preliminary Approval will be filed in the Action.

E. Class Counsel has conducted a thorough investigation into the facts surrounding the Action. This investigation included but was not limited to factual research and legal research, as well as the collection and review of documents, data, and other information provided by Pets Global relating to the sales of and science substantiating the claims and marketing for the Products.

I. Based on the above-outlined discovery and investigation, the current state of the law, the expense, burden, and time necessary to prosecute the Action through trial and possible appeals, the risks and uncertainty of further prosecution considering the defenses at issue, the sharply contested legal and factual issues involved, and the relative benefits to be conferred upon Plaintiffs and the Settlement Class Members pursuant to this Agreement, Plaintiffs and Class Counsel have concluded that this Settlement with the Settling Defendant on the terms set forth herein is fair, reasonable, adequate, and in the best interests of the Settlement Class in light of all known facts and circumstances.

J. Settling Defendant and its counsel recognize the expense and length of continued proceedings necessary to continue the Action through trial and possible appeals. Settling Defendant also recognizes that the expense and time spent defending the Action have and will further detract from resources that may be used to run its business. While Settling Defendant denies any wrongdoing or liability arising out of any of the facts or conduct alleged in the Action and believes that it has valid defenses to Plaintiffs' claims, Settling Defendant has determined that the Settlement is fair, adequate, and reasonable.

## III. CERTIFICATION

A. **Certification of Class.** Solely for the purposes of this Settlement, and without any finding or admission of any wrongdoing or fault by Settling Defendant, and pursuant to the terms of this Agreement, the Parties consent to and agree to the establishment of a conditional certification of the nationwide Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(b)(2). Paul Gifford, Mary Lou Molina, and Randy Miland will serve as Class Representative plaintiffs and (1) Milberg Coleman Bryson Phillips Grossman shall serve as Class Counsel.

B. **Certification is Conditional.** This certification is for Settlement purposes only and is conditional on the Court's approval of this Agreement. In the event that this Agreement is terminated pursuant to Section XI of this Agreement, then certification of the Settlement Class shall be void and this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the Settlement Class, shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy relating to the Challenged Representations. In the event the Court does not approve of all terms of the Agreement (excluding terms solely concerning the award of attorneys' fees, costs, and expenses, or incentive awards), this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to and without waiver of the rights of any and all Parties hereto, who shall be restored to their respective positions as of the date of this Agreement, and Settling Defendant shall not be deemed to have waived any opposition or defenses it has to any of the claims asserted herein or to whether those claims are amenable to class-based treatment.

## IV. SETTLEMENT CONSIDERATION

A. **Injunctive Relief.** In consideration of the mutual covenants and promises set forth herein, and subject to this Court's approval, the Parties, including their counsel, agree as follows:

1. Pets Global agrees to revise Product labels and marketing references so that any Product label that makes a "chicken free" and "grain free" claim no longer contains those representations.

2. The obligations of Section IV.A.1 shall initiate immediately upon the Court's entering of a Final Approval Order.

3. Pets Global will be able to sell all of the Product it has currently manufactured as of the Final Approval Order that contains these representations irrespective of the terms in Section IV A1.

4. Pets Global will cooperate with Plaintiffs in presenting evidence to the Court regarding the value of the injunctive relief, including, without limitation, the cost to Pets Global to comply with the Injunctive Relief.

**B. Monetary Relief.** In consideration of the mutual covenants and promises set forth herein, and subject to this Court's approval, the Parties, including their counsel, agree as follows:

1. Every Settlement Class Member, or single Household with a Settlement Class Member, shall have the right to submit a claim via a Claim Form for monetary relief (a "Settlement Benefit"). The Settlement Administrator will determine whether the claim is a Valid Claim. The Settlement Administrator may track Claim Forms using a two-step verification process with unique security identifiers or control numbers and take all other necessary and appropriate steps to prevent fraud and

duplications, which shall be disclosed to the Parties. Submission of a claim, regardless of whether it is determined to be a Valid Claim, shall confer no rights or obligations on any Party, any Settlement Class Member, or any other person, except as expressly provided herein.

2. Pets Global shall pay or cause to be paid certain monetary relief to each Settlement Class Member who submits a Valid Claim for purchase(s) of Product based upon the following two-tier, capped, claims-made settlement structure:

a. Settlement Class Members who provide Proof of Purchase may be entitled to recover up to ten dollars ($10.00) for each purchase of a Product made by the Class Member during the Class Period and may make up to ten (10) Claims for a maximum of one hundred dollars ($100.00). A cap of $100 shall exist per Household.

b. Settlement Class Members who do not provide Proof of Purchase may be entitled to recover a maximum total Settlement Benefit of five dollars ($5.00) for purchases of a Product made by the Class Member.

3. Valid Claims submitted as set forth in Section IV.B.2.a-b above shall be limited to one Class Member per Household. "Household" means, without limitation, all Persons who share a single physical address. For all persons who are a legal entity such as a corporation, partnership, business organization or association, or any other type of legal entity, there can be only one physical address used even if such person has multiple offices.

4. On the Claim Form, the Settlement Class Member, or a Person with authority to sign and bind the Settlement Class Member, must provide and certify the truth and accuracy of the following information under the penalty of perjury, including by signing the Claim Form physically or by e-signature, to be considered a Valid Claim:

a. The Settlement Class Member's name and physical mailing address (no P.O. Boxes);

b. The Settlement Class Member's email address (unless the Settlement Class Member submits a claim form by U.S. mail, in which case an email address is optional);

c. That the claimed purchases were direct retail purchases by the claimant; and

d. That the claimed purchases were not made for purposes of resale, commercial use or for any other purpose.

e. For all claimed purchases that are not supported by Proof of Purchase: the Product name(s), the approximate date(s) of purchase, the approximate price(s), the name of the retail store and the store location of each purchase.

5. Each Settlement Class Member making a claim must provide the Settlement Administrator with the Claim Form by a secure and reliable form of transmission such as via online Internet submissions on the Settlement Website or via U.S. mail by the conclusion of the Claim Period based on the date of postmark.

6. The Settlement Administrator shall have the right to audit claims, and the Settlement Administrator may request additional information from Settlement Class Members making a claim. If any fraud is detected or reasonably suspected, the Settlement Administrator can require further information from the Settlement Class Member, and the Settlement Administrator may deny claims.

a. The determination of validity of claims shall occur within a reasonable time. The Settlement Administrator shall have discretion, consistent with this Settlement, to reasonably approve or deny all claims. Class Counsel and Pets Global shall have the right to audit claims. In the event there is a disagreement between Plaintiffs and Settling Defendant as to the validity of a claim or compliance with this Agreement, the Settlement Administrator shall be the arbiter of said disputed claim. If necessary, the Parties may challenge any such decision by the Settlement Administrator by motion to the Court. Plaintiffs', Pets Global's, or their counsels' choice not to audit the validity of any one or more Claim Forms shall not constitute or be construed as a waiver or relinquishment of any audit or other rights as to any other Claim Forms, individually or as a group, and similarly shall not be construed as a waiver or relinquishment by such Party as to any of its audit and other rights under this Agreement; provided, however, that any challenge to the Settlement Administrator's resolution of a claim(s) shall be filed no later than sixty (60) days after the period for cure specified in Section IV.B.8(b) of this Agreement. No Person shall have any claim against Plaintiffs, Pets Global, Plaintiffs' Counsel, Pets Global's counsel or the Settlement Administrator based on any determination of a Valid Claim, distributions or awards made in accordance with this Agreement and the Exhibits hereto. Neither Plaintiffs nor Pets Global, nor their respective counsel, shall have any liability whatsoever for any act or omission of the Settlement

Administrator.

b. Within thirty (30) days after the Claim Period ends, the Settlement Administrator shall notify by email all Settlement Class Members whose claims are denied the reason(s) for denial, using the email address or physical address (if any) provided by the Settlement Class Member on the Claim Form. If no email address or physical address, or an illegible physical address, is provided by the Settlement Class Member on the Claim Form, the Settlement Administrator shall not have an obligation to provide the Settlement Class Member any notification of the denial of the claim or the reasons for denial. The Settlement Class Members whose claims were denied shall be allotted forty-five (45) days from receipt of a denial to cure any deficiency, with the sufficiency of such cure to be determined by the Settlement Administrator within thirty (30) days of the conclusion of the period for cure.

7. The Settling Defendant, through the Settlement Administrator, shall honor all Valid Claims submitted either through U.S. mail or online via the Settlement Website within the Claim Period. Neither the Settling Defendant nor the Settlement Administrator shall be obligated to honor untimely claims received by the Settlement Administrator or postmarked after the Claim Period.

8. The Settling Defendant shall fund the total amount to be paid to eligible Settlement Class Members within fifteen (15) business days after the Effective Date by submitting the total amount to be paid for Valid Claims to the Claims Administrator. Settlement Administrator determines the total amount to be paid for Valid Claims. The Settling Defendant shall place said funds in an agreed-upon institutional account. The Class Action Settlement Administrator shall then pay all Valid Claims within thirty (30) days after the Settling Defendant deposits the funds to be paid.

C. **Confirmatory Discovery.** Prior to the Motion for Preliminary Approval, the Parties will have conducted confirmatory discovery, to include, but not be limited to, information regarding the sales of the Products and the science and related information relating to the labeling claims on the Products. To the extent necessary to support the Settlement and the relief under Section IV.A-B, the Parties will be entitled to conduct further confirmatory discovery.

**D. Audits of Suppliers.** As an additional agreement per this settlement, Pets Global agrees to audit all of the manufacturing plants of suppliers for a period of 5 years following the Court's Final Approval Order. The audits of Pets Global's suppliers will include at least the following, and such audit will happen at least once a year:

1. The visual inspection of all manufacturing machines that process, store, or otherwise come into contact with the petfood manufactured within said facility and purchased by Pets Global.

2. An audit of the manufacturer's manufacturing process and sourcing records, to confirm the accuracy of the ingredients being used in Pets Global's Products.

3. Ensuring that all the manufacturing processes used by the manufacturing plant adhere to quality control standards.

## V. ATTORNEYS' FEES AND CLASS REPRESENTATIVE AWARD

A. **Attorneys' Fees, Costs, and Expenses.** Class Counsel agrees that it will apply to the Court for attorneys' fees, costs, and expenses in an amount not to exceed eight hundred and seventy-five thousand dollars ($875,000.00). This is an inclusive amount and specifically includes all costs and fees incurred by Class Counsel and Plaintiffs' Counsel in connection with the Action thus far, as well as ongoing and future costs and fees through finalization of Settlement of this Action. The exact amount of fees awarded shall be determined by the Court in its discretion and the determination thereof will not impact the validity or fulfillment of the Settlement Agreement. The attorneys' fees will be payable within fifteen (15) business days of the Effective Date. Class Counsel shall be required to submit a W-9 to Pets Global prior to receiving any payment for fees, costs, and/or expenses.

B. The Attorneys' Fees and Costs awarded by the Court as set forth under Section V.A shall be the total obligation of Settling Defendant to pay attorneys' fees, costs, and expenses of any kind to Plaintiffs' Counsel in connection with this Action and this Settlement. In no event shall Settling Defendant be obligated to pay to Plaintiffs' Counsel any amount larger than the amount specified in Section V.A.

C. **Class Representative Awards.** Class Counsel agrees that it will apply to the Court for an incentive award to Class Representatives in an amount not to exceed five thousand dollars ($5,000.00) each, for their participation as the Class Representatives in the Action, for taking on the risks of litigation, and for Settlement of their individual claims as a Settlement Class Member in this Action. The exact amount of amount awarded shall be determined by the Court in its discretion, and the determination thereof will not impact the validity or fulfillment of the Settlement Agreement. The Class Representative Awards will be payable within fifteen (15) business days of the Effective Date. Class Counsel shall be required to submit a W-9 for each Class Representative to Pets Global prior to receiving any payment for fees, costs, and/or expenses.

D. Any payment of a Class Representative Award by the Court as set forth in Section V.C shall be the total obligation of Settling Defendant to pay money to Plaintiffs in connection with the Action and this Settlement, other than amounts due to any Plaintiffs for a Valid Claim submitted pursuant to Section IV.B of this Agreement. In no event shall Settling Defendant be obligated to pay to Plaintiffs any amount larger than the amount specified in Section V.C, other than for a Valid Claim pursuant to Section IV.B of this Agreement.

E. Pets Global agrees not to (a) oppose or submit any evidence or argument challenging or undermining Class Counsel's application for attorneys' fees, costs, expenses; (b) encourage or assist any person to oppose or submit any evidence or argument challenging or undermining Class Counsel's application for attorneys' fees, costs, expenses; or (c) encourage or assist any person to appeal from an order making a fee award. The Parties entered into this agreement regarding an award of fees and costs after good-faith, arms'-length negotiations on the terms of the Settlement only after the negotiation and resolution of the material elements of this Agreement.

F. The full fees and costs that are approved by the Court shall be paid to the Trust Account of Milberg Coleman Bryson Phillips & Grossman, PLLC. Class Counsel and the Class Representatives agree to provide the Settling Defendant all identification information necessary to effectuate the payment of the fees and costs including, but not limited to, Taxpayer Identification Number(s), and completed Internal Revenue Service Form W-9(s).

## VI. RELEASE

A. Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge Settling Defendant, and all of their present and former parent companies, subsidiaries, special purposes entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Released Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Class Counsel, Plaintiffs' Counsel, Class Representatives, or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the allegations or claims in the Action, including that the Products were misleadingly labeled, marketed, or sold, or that relate to the labeling and marketing of the Products, except that there shall be no release of claims for personal injury allegedly arising out of use of the Products (the "Released Claims").

B. Plaintiffs specifically acknowledge and affirmatively waive, any rights or benefits available to them under California Civil Code section 1542. California Civil Code section 1542 provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF

KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs on behalf of all Settlement Class Members hereby agree that the provisions of all such principles of law or federal or state laws, rights, rules or legal principles that are similar in substance, meaning or application to California Civil Code section 1542, to the extent they are found to be applicable herein, are hereby knowingly and voluntarily waived, relinquished, and released by Plaintiffs and all Settlement Class Members.

C. After entering into this Settlement Agreement, Plaintiffs or the Settlement Class Members may discover facts other than, different from, or in addition to, those that they know or believe to be true with respect to the Released Claims. Plaintiffs and the Class Members expressly waive and fully, finally, and forever settle and release any known or unknown, suspected or unsuspected, contingent or noncontingent claim, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such other, different, or additional facts

## VII. NOTICE TO THE SETTLEMENT CLASS PURSUANT TO THE CLASS ACTION FAIRNESS ACT

A. **Class Notice Plan.** Subject to the approval of the Court and to begin no later than ten (10) days after the Preliminary Approval Order, the Settlement Administrator shall cause the Class Notice to be implemented in substantially the form attached as Exhibit C which will include, but not be limited to, (i) print, Internet and social media notice; (ii) notice via an established a Settlement Website; and (iii) U.S. mail or e-mail notice containing information on how to obtain a Claim Form to potential Settlement Class Members at their most recent physical address or email address in Settling Defendant's possession from a purchase of one or more Products directly from Settling Defendant (as opposed to from a non-party retailer). Settling Defendant represents and warrants that it has never sold any Products directly during the Class Period and does not have such information related to Settlement Class Members. In addition, Class Notice, in substantially the form attached hereto as Exhibit B, shall be published on the Settlement Website. The Settlement Administrator will also establish a toll-free number to provide information to the Settlement Class, including on how to submit Claim Forms.

B. The Class Notice plan shall reach no less than 70% of the Settlement Class unless the Parties mutually agree otherwise.

C. Any notice shall comply with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1711-1715.

D. The Settling Defendant, at its cost, shall cause the Class Notice to issue in accordance with the requirements of the Preliminary Approval Order.

E. The Class Notice plan and claims procedure shall be provided according to a plan developed by the Settlement Administrator, to include measures to prevent the approval of fraudulent or invalid claims.

F. Tracking and reporting of Settlement Class Members who request exclusion shall be compiled by the Settlement Administrator and communicated to Class Counsel who will report to the Court.

G. The Settlement Administrator shall draft a short form notice in a form substantially similar to Exhibit B to clearly and concisely describe the relief provided under this Settlement, and how to file a claim.

## VIII. PROCEDURES FOR OBJECTING TO OR REQUESTING EXCLUSION FROM SETTLEMENT

A. **Objections.** Only Settlement Class Members may object to the Settlement. If any Settlement Class Member wishes to object to the Settlement, the Settlement Class Member must submit a written objection to the Settlement Administrator. The written objection may be submitted by U.S. mail, express mail, electronic transmission, or personal delivery, but to be timely, it must be delivered to the Settlement Administrator (not just postmarked or sent) prior the Objection/Exclusion Deadline. Each objection must include:

1. The case name and number *Gifford et al., v. Pets Global Inc.*, Case No. 2:21-CV-02136-CJC-MRW;

2. The name, address, and telephone number of the Objector;

3. The name, address, and telephone number of all counsel (if any) who represent the Objector, including any former or current counsel who may be entitled to compensation for any reason if the objection is successful, and legal and factual support for the right to such compensation;

4. Documents or testimony sufficient to establish membership in the Settlement Class;

5. A detailed statement of any objection asserted, including the grounds therefor;

6. Whether the Objector is, and any reasons for, requesting the opportunity to appear and be heard at the Final Approval Hearing;

7. The identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing and, if applicable, a list of all persons who will be called to testify in support of the objection;

8. Copies of any papers, briefs, or other documents upon which the objection is based;

9. A detailed list of any other objections submitted by the Settlement Class

Member, or his/her counsel, to any class action settlement submitted in any state or federal court in the United States in the previous five (5) years, or affirmatively stating that no such prior objection has been made; and

10.     The Objector's signature, in addition to the signature of the Objector's attorney (if any)

11.     Three (3) different dates within the calendar month in which the objection was submitted in which the Objector can be available for a deposition.

B.     Failure to include documents or testimony sufficient to establish membership in the Settlement Class shall be grounds for overruling and/or striking the objection on grounds that the Objector lacks standing to make the objection. Failure to include any of the information or documentation set forth in SectionVIII.A.1-10 also shall be grounds for overruling an objection. The Parties may respond to any objection to the Settlement with appropriate arguments and evidence.

C.     Subject to approval of this Court, any Objector may appear, in person (or video conference, if required) or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, or object to any petitions for attorneys' fees, Incentive Awards, or reimbursement of reasonable litigation costs and expenses. The Objector must file with the Clerk of the Court and serve upon Class Counsel and the Settling Defendant's Counsel (at the addresses listed in Section XVI), a notice of intention to appear at the Final Approval Hearing ("Notice of Intention to Appear") on or before the Objection/Exclusion Deadline.

D.     The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence that the objecting Class Member (or his/her counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in complete accordance with the deadlines and other specifications set forth in the Class Notice will not be allowed to speak or otherwise present any views at the Final Approval Hearing.

E.     The date of the postmark on the mailing envelope or a legal proof of service accompanied by a file-stamped copy of the submission shall be the exclusive means used to determine whether an objection and/or notice of intention to appear has been timely filed and served. In the event that the postmark is illegible, the objection and/or notice to appear shall be deemed untimely unless it is received by the counsel for the Parties within two (2) calendar days of the Objection/Exclusion Deadline.

F.     In response to objections, Class Counsel shall, at least seven (7) days (or such other number of days as the Court shall specify) before the Final Approval Hearing, file any responses to any written objections submitted to the Court by Settlement Class Members in

accordance with this Agreement.

G.    A Settlement Class Member who objects to the Settlement may also submit a Claim Form before the Claim Period ends, which shall be processed in the same way as all other Claim Forms. A Settlement Class Member shall not be entitled to an extension to the claim filing deadline merely because the Settlement Class Member has also submitted an objection.

H.    **Exclusions.** If any Settlement Class Member wishes to be excluded from (in other words, opt out of) this Settlement, the Settlement Class Member may do so by completing the exclusion form at the Settlement Website; downloading and submitting to the Settlement Administrator a completed exclusion form; or submitting a valid request to exclude themselves, as described in the Notice, to the Settlement Administrator. Requests to exclude themselves must be delivered (not just postmarked) by the Exclusion Deadline or they shall not be valid. A Settlement Class Member who elects to exclude him or herself from this Settlement shall not be permitted to object to this Settlement or to intervene in any way.

I.    The proposed Preliminary Approval Order and Notice will provide that any Settlement Class Member wishing to object or exclude him or herself who fails to properly or timely file or serve any of the requested information and/or documents will be precluded from doing so.

J.    Immediately upon receipt of any objection, the Settlement Administrator shall forward the objection and all supporting documentation to counsel for the Parties. At least fourteen (14) days prior to the hearing on Final Approval, Class Counsel shall file all such objections and supporting documentation with the Court along with any response to the objection made by the Parties.

K.    At least fourteen (14) days prior to the hearing on Final Approval, the Settlement Administrator shall prepare a list of the names of the Persons who, pursuant to the Notice, have excluded themselves from the Settlement Class in a valid and timely manner, and Plaintiffs' Counsel shall file that list with the Court.

L.    If a Settlement Class Member submits both a Claim Form and an exclusion request, the Claim Form shall take precedence and be considered valid and binding, and the exclusion request shall be deemed to have been sent by mistake and rejected.

M.    The Parties agree to use their best efforts to carry out the terms of this Settlement. At no time will any of the Parties or their counsel seek to solicit or otherwise encourage any Settlement Class Member to object to the Settlement or request exclusion from participating as a Settlement Class Member, or encourage any Settlement Class Member to appeal from the Final Judgment.

## IX.    DUTIES OF THE PARTIES PRIOR TO FINAL COURT APPROVAL

A.    Promptly upon execution of this Agreement, Plaintiffs shall submit this Agreement to the Court in support of a Motion for Preliminary Approval and determination by the Court as to its fairness, adequacy, and reasonableness. The Settling Defendant will not

oppose. The Motion for Preliminary Approval shall seek relief substantially in the following form:

1. Scheduling a Final Approval Hearing on the question of whether the proposed Settlement should be finally approved as fair, reasonable, and adequate as to the members of the class;

2. Approving as to form and content the Class Notice;

3. Directing implementation of the Class Notice;

4. Preliminarily approving the Settlement;

5. Preliminarily and conditionally certifying the Settlement Class for Settlement purposes;

6. Enjoining the prosecution of any other individual or class claims against Pets Global for facts, circumstances, or claims alleged in the Action.

7. Providing that, in the event the proposed Settlement set forth in this Agreement is not approved by the Court (excluding failure to approve terms solely concerning the award of attorneys' fees, costs, and expenses, or incentive awards) or is terminated by one or more Party pursuant to Section XI of this Agreement and all orders entered in connection therewith, including but not limited to any order conditionally certifying the nationwide Settlement Class, shall become null and void and shall be of no further force and effect and shall not be used or referred to for any purposes whatsoever in the Action or in any other case or controversy; and in such an event, this Agreement and all negotiations and proceedings related thereto shall be deemed to be without prejudice to the rights of any and all Parties hereto, who shall be restored to the respective positions as of the date of this Agreement. In the event the Court does not enter the Preliminary Approval order described herein, or decides to do so only with material modifications, then this entire Agreement shall become null and void, unless the Parties hereto agree in writing to proceed with this Agreement as modified.

## X. COURT APPROVAL

A. Class Counsel will submit a proposed Final Approval Order and Judgment at the Final Approval Hearing, with such Order in substantially the same form as Exhibits D and E and in keeping with the terms of this Agreement shall include:

1. Approval of the Settlement, adjudging the terms thereof to be fair, reasonable, and adequate, and directing consummation of its terms and provisions;

2.      Approval of Class Counsel's application for the requested award of attorneys' fees and costs and the Incentive Awards; and

3.      A request for entry by the Court of a final judgment and order permanently barring the Parties and Settlement Class Members from prosecuting the other Parties and their officers, attorneys, directors, shareholders, employees, agents, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels in regard to those matters released as set forth in Section VI above.

## XI.      TERMINATION

A.      Any Party shall have the right, but not the obligation, to unilaterally terminate this Agreement and the Settlement within fourteen (14) days of any of the following occurrences:

1.      An appellate court reverses the Final Approval Order and Judgment, and the Agreement is not reinstated without material change by the Court on remand (unless the reversal is solely concerning the award of attorneys' fees, costs, and expenses, or incentive awards);

2.      Any court deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, the Final Approval Order and Judgment, or the Agreement in a way that Plaintiffs or Settling Defendant reasonably consider material, unless such modification or amendment is accepted in writing by all Parties (unless the reversal is solely concerning the award of attorneys' fees, costs, and expenses, or incentive awards);

3.      The Effective Date set forth in the Agreement does not occur; or

4.      More than fifteen percent (15%) of the Settlement Class opts out.

B.      Notwithstanding the foregoing, neither Plaintiffs nor Class Counsel shall have any right to terminate the Agreement in the event the Court declines Plaintiffs' and/or Class Counsel's requests for Attorneys' Fees, Expenses and/or Incentive Awards, or awards less than the amounts sought. However, Plaintiffs shall have the right to appeal the denial of their requests for Attorneys' Fees, Expenses and/or Incentive Awards.

C.      In order to exercise his, her, or its right to terminate this Agreement, the terminating Party must timely serve written notice of his, her, or its election to do so, which states the basis for the termination ("Termination Notice"), on counsel of record for all other Parties hereto. A Party's termination of this Agreement is effective only if and when notice of the same is timely served on counsel of record for the Parties.

D.    In the event this Agreement is terminated, then:

1.    The certification of the Settlement Class and any other judgment or order relating in any way to this Settlement entered by the Court in the Action will be void and deemed vacated, *nunc pro tunc*, and without prejudice to Settling Defendant's right to contest class certification and their right to exercise all other rights and defenses in this Action;

2.    The Parties shall be restored to their respective positions prior to the entering into the Settlement status quo ante as if this Agreement had never been entered into, except for any provisions of this Agreement that expressly survive termination; and

3.    Any Party that terminates this Agreement shall be obligated to pay all reasonable costs and fees incurred by the Settlement Administrator. Otherwise the Parties will bear their own costs and fees.

## XII.    CONTINUING JURISDICTION

A.    The Court shall retain continuing and exclusive jurisdiction over the enforcement, interpretation, and applicability of the Settlement and the Parties agree to cooperate and to take all necessary and appropriate steps to ensure the enforceability of the Settlement. The Court's continuing jurisdiction includes, but is not limited to, the enforcement and applicability of the injunctive relief under Section IV.A with respect to any parties who may assert claims against Pets Global that implicate the terms of the Settlement or this Agreement, including the injunctive relief agreed to herein. In granting Final Judgment the court shall enjoin all actions in any jurisdiction against the Released Parties as is necessary to preserve the Court's jurisdiction.

## XIII.    PARTIES' AUTHORITY

A.    The signatories represent that they are fully authorized to enter into this Agreement and bind the Parties to its terms and conditions.

## XIV.    MUTUAL FULL COOPERATION

A.    The Parties agree to cooperate fully with each other to accomplish the terms of this Agreement, including but not limited to, execution of such documents and the taking of such other action as may reasonably be necessary to implement the terms of this Agreement. The Parties to this Agreement shall use their best efforts, including all efforts contemplated by this Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Agreement. As soon as practicable after execution of this Agreement, Class Counsel, with the assistance and cooperation of Settling Defendant and their counsel, shall take all necessary steps to secure the Court's final approval of this Agreement.

B. Settling Defendant agrees that it will not attempt to discourage Settlement Class Members from filing claims.

## XV. NO ADMISSION

A. This Agreement is not to be construed or deemed as an admission of liability, culpability, negligence, or wrongdoing on the part of any of Settling Defendant or as an admission that class treatment in the Action is proper for any purpose other than Settlement. Settling Defendant denies all liability for claims asserted in the Action and denies that class treatment isproper for any purpose other than this Settlement. Each of the Parties has entered into this Agreement with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses. This Agreement is a Settlement document and shall, pursuant to Fed. R. Evid. 408 and related or corresponding state evidence laws, be inadmissible in evidence in any proceeding. This Agreement or the existence of this Settlement shall not be used or cited in any proceeding other than (i) an action or proceeding to approve or enforce this Agreement, or (ii) in a subsequent proceeding potentially barred by the Release specified herein.

## XVI. NOTICES

A. Unless otherwise specifically provided, all notices, demands or other communications in connection with this Agreement shall be in writing and shall be deemed to have been given as of the third business day after mailing by United States registered or certified mail, return receipt requested, addressed as follows:

1. Class Counsel: J. Hunter Bryson, Esq. Milberg Coleman Bryson Phillips & Grossman PLLC, 900 W. Morgan St., Raleigh, NC, 27603.

2. Settling Defendant's Counsel: Jean-Paul Le Clerc, Esq., Martorell Law APC, 6100 Center Drive, Ste 1130, Los Angeles, CA 90045.

## XVII. CONSTRUCTION

A. The Parties agree that the terms and conditions of this Agreement are the result of lengthy, intensive arms'-length negotiations between the Parties, and that this Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, heror its counsel participated in the drafting of this Agreement.

## XVIII. MATERIAL TERMS; CAPTIONS

A. Each term of this Agreement is a material term of the Agreement, not merely a recital, and reflects not only the intent and objectives of the Parties but also the consideration to be exchanged by the Parties hereunder. Paragraph titles or captions are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Agreement or any of its provisions.

## XIX. INTEGRATION CLAUSE

A. This Agreement contains the entire agreement between the Parties relating to the Settlement, and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a party or such party's legal counsel, are extinguished.

## XX. NO COLLATERAL ATTACK

A. This Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices to the Settlement Class after the Final Judgment and dismissal is entered. Such prohibited collateral attacks shall include claims made before the Final Approval Hearing that a Settlement Class Member's Settlement Benefit was improperly calculated or adjusted or that the Settlement Class Member failed to receive timely notice of the procedure for disputing the calculation of the individual Settlement Benefit or failed to submit a timely dispute letter for any reason.

## XXI. AMENDMENTS

A. The terms and provisions of this Agreement may be amended only by a written agreement, which is both (1) signed by the Parties who have executed this Agreement and (2) approved by the Court.

## XXII. ASSIGNMENTS

A. None of the rights, commitments, or obligations recognized under this Agreement may be assigned by any Party or Settlement Class Member without the express written consent of each other Party hereto. The representations, warranties, covenants, and agreements contained in this Agreement are for the sole benefit of the Parties and Settlement Class Members under this Agreement, and shall not be construed to confer any right or to avail any remedy to any other person.

## XXIII. GOVERNING LAW

A. This Agreement shall be governed by, and the rights of the Parties determined in accordance with, the laws of the State of California, irrespective of the State of California's choice of law principles.

## XXIV. BINDING ASSIGNS

A. This Agreement shall be binding upon and inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors, and assigns.

## XXV. CLASS COUNSEL SIGNATORIES

A. It is agreed that because the Settlement Class appears to be so numerous, it is

impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

**XXVI. COUNTERPARTS**

A. This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

*(Additional signatures on following page)*

**EXECUTED AND AGREED:**

**MARTORELL LAW APC**

By: ______________________

Jean-Paul Le Clerc
Counsel for Defendant

**PETS GLOBAL INC.**

By: ______________________

Defendant Pets Global Inc.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: J. Hunter Bryson
J. Hunter Bryson (Oct 22, 2021 11:51 EDT)

Daniel K. Bryson
Hunter Bryson
Counsel for Plaintiffs

**PAUL GIFFORD**

By: ______________________

impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

## XXVI. COUNTERPARTS

A. This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

*(Additional signatures on following page)*

**EXECUTED AND AGREED:**

**MARTORELL LAW APC**

By: ______________________________

Jean-Paul Le Clerc
Counsel for Defendant

**PETS GLOBAL INC.**

By: ______________________________

Defendant Pets Global Inc.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By:

______________________________

Daniel K. Bryson
Hunter Bryson
Counsel for Plaintiffs

**PAUL GIFFORD**

By:

______________________________

impossible or impractical to have each member of the class execute this Agreement. The notice plan set forth herein will advise Settlement Class Members of all material terms of this Agreement, including the binding nature of the releases and such shall have the same force and effect as if this Agreement were executed by each Settlement Class Member.

**XXVI. COUNTERPARTS**

A. This Agreement may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all Parties and the Settlement Class.

*(Additional signatures on following page)*

**EXECUTED AND AGREED:**

**MARTORELL LAW APC**

By: ____________________________

Jean-Paul Le Clerc
Counsel for Defendant

**PETS GLOBAL INC.**

By: ____________________________

Defendant Pets Global Inc.

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**

By: ____________________________

Daniel K. Bryson
Hunter Bryson
Counsel for Plaintiffs

**PAUL GIFFORD**

By: [signature]
Paul S Gifford (Oct 21, 2021 14:21 PDT)

Plaintiff and Class Representative

**RANDY MILLAND**

By: RANDY MILAND
RANDY MILAND (Oct 21, 2021 20:47 CDT)
Plaintiff and Class Representative

**MARY LOU-MOLINA**

By: MARY LOU MOLINA
MARY LOU MOLINA (Oct 21, 2021 13:03 PDT)
Plaintiff and Class Representative

**EXHIBIT A**

Zignature Dry Dog Foods
Venison
Kangaroo
Lamb
Salmon
Whitefish
Guinea Fowl
Duck
Goat
Trout & Salmon
Pork
Turkey
Zssential
Catfish

Zignature Small Bites
Lamb
Kangaroo
Trout & Salmon
Turkey
Zssential

Zignature Select Cuts
Lamb & Lamb Meal Formula
Turkey Formula
Trout & Salmon Meal Formula

Zignature Canned Dog Foods
Venison
Kangaroo
Lamb
Salmon
Whitefish
Guinea Fowl
Duck
Goat
Trout & Salmon
Pork
Turkey
Zssential
Catfish

Zignature Ziggy Bar Treats For Dogs
Venison
Kangaroo
Lamb
Salmon
Whitefish
Guinea Fowl
Duck
Goat
Trout & Salmon
Pork
Turkey
Zssential
Catfish

# EXHIBIT B

# CLAIM FORM INSTRUCTIONS

| *Your claim must be either submitted online or postmarked and mailed by:* ***MONTH DAY, 2022*** | Gifford v Pets Global Settlement<br>c/o JND Legal Administration<br>P.O. Box 91430<br>Seattle, WA 98111<br>1-000-000-0000<br>www.PGPetFoodSettlement.com | |
|---|---|---|

## Instructions for Completing the Claim Form

You are eligible to submit a Claim Form if you reside in the United States and purchased certain Zignature pet food Products marketed or labeled as "Grain Free" or "Chicken Free" for personal, family or household use, and not for resale, from June 2, 2017 through MONTH, DAY 2021 (the "Class Period"). A complete list of the affected Products is available at www.PGPetFoodSettlement.com.

Class Members who timely submit a valid approved claim are entitled to receive Settlement compensation outlined as follows:

(1) With Proof of Purchase Settlement Class Members who provide Proof of Purchase may be entitled to recover up to ten dollars ($10.00) for each purchase of a Product made by the Class Member during the Class Period and may make up to ten (10) Claims for a maximum of one hundred dollars ($100.00 per household.

A valid Proof of Purchase means receipts, copies of receipts, or other documentation that reasonably establishes the fact and date of the purchase of the Product during the Class Period in the United States or its territories.

(2) Without Proof of Purchase: Settlement Class Members who do not provide Proof of Purchase may be entitled to recover a maximum total Settlement Benefit of five dollars ($5.00) for purchases of a Product made by the Class Member.

Only one (1) Claim Form may be submitted per household, which is all persons residing at the same physical address. On or before **Month Day, 2021**, your completed Claim Form must be either submitted online at www.PGPetFoodSettlement.com or postmarked and mailed to:

Gifford v Pets Global Settlement
c/o JND Legal Administration
P.O. Box 91430
Seattle, WA 98111

**You must complete the entire Claim Form and sign the Claim Form under penalty of perjury. If you are submitting proof of purchase in support of your Claim Form, provide copies of the documentation. Do not submit originals, as they will not be returned to you.**

**ALL CLAIMS ARE SUBJECT TO VERIFICATION.**
**PLEASE KEEP A COPY OF YOUR COMPLETED CLAIM FORM FOR YOUR RECORDS.**

# CLAIM FORM

| *Your claim must be either submitted online or postmarked and mailed by:* ***MONTH DAY, 2022*** | Gifford v Pets Global Settlement<br>c/o JND Legal Administration<br>P.O. Box 91430<br>Seattle, WA 98111<br>1-000-000-00000<br>www.PGPetFoodSettlement.com | |
|---|---|---|

## SECTION A: NAME AND CONTACT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Claim Administrator of any changes to your contact information after the submission of your Claim Form.

| First Name | Last Name |
|---|---|
| | |

| Physical Address (Street Address, Including Apartment or Unit Number) |
|---|
| |

| City | State | Zip Code |
|---|---|---|
| | | |

| Email Address | Phone Number |
|---|---|
| | |

Provide your mailing address if different from your physical address:

| Mailing Address (P.O. Box, Street Address, Including Apartment or Unit Number) |
|---|
| |

| City | State | Zip Code |
|---|---|---|
| | | |

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

2

## SECTION B: PURCHASE INFORMATION

List in the chart below the approximate purchase date(s) and number of Product(s)* purchased in the United States during the Class Period:

| Product Name | Approx. Purchase Date(s) | Approx. Price(s) | Name of Retail Store of Purchase | Location of Retail Store of Purchase |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

☐ Check this box if you are providing proof of purchase in support of your Claim Form. You may submit a claim for up to 10 products with a proof of purchase. A valid Proof of Purchase means receipts, copies of receipts, or other documentation that reasonably establishes the fact and date of the purchase of the Product during the Class Period in the United States or its territories.

☐ Check this box to verify that each of the above claimed Product(s) were direct retails for personal or household use and were not made for the purposes of resale, commercial use, or for any other purpose.

## SECTION C: CERTIFICATION UNDER PENALTY OF PERJURY

I certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the information provided in this Claim Form, and any attachments, is true and correct to the best of my knowledge, information, and belief. I understand the Claim Administrator may contact me to request further verification of the information provided in this Claim Form.

Signed: ______________________________ Date: ______________________

Full Printed Name: ________________________________________________

* "Products" means all pet food products manufactured or produced by Pets Global and marketed or labeled as "grain free" or "chicken free" or with some similar designation claiming the absence of any grain or chicken, and including without limitation all Zignature products manufactured by Pets Global and those products listed in Plaintiffs' Amended Complaint filed on June 2, 2021. A list of all products covered by this settlement is available on the settlement website.

To view JND's privacy policy, please visit https://www.jndla.com/privacy-policy

# EXHIBIT C

# If you bought certain Zignature® pet food products labeled as "Grain Free" or "Chicken Free," you may be eligible for benefits in a class action settlement

*Para una notificación en español, visite www.PGPetFoodSettlement.com*

A proposed settlement has been reached in a class action lawsuit called *Gifford et al., v. Pets Global Inc.*, Case No. 2:21-CV-02136-CJC-MRW (C.D.Cal.) (the "Settlement"). This notice provides a summary of your rights and options.

**What is this about?** Plaintiffs claim that certain pet food products manufactured or produced by Defendant Pets Global Inc ("Defendant" or "Pets Global") and marketed or labeled as "grain free" or "chicken free," were actually determined through third party testing to contain grain and chicken. Pets Global denies these allegations and believes that it has valid defenses to these claims. Both sides have agreed to the Settlement to avoid the cost of further litigation.

**Who is affected?** You are a Class Member if you reside in the U.S. and purchased certain Zignature pet food Products marketed or labeled as "Grain Free" or "Chicken Free" for personal, family or household use, and not for resale, from June 2, 2017 through MONTH, DAY 2021 (the "Class Period"). A complete list of the affected Products is available at www.PGPetFoodSettlement.com.

**What does the Settlement provide?** Defendant agrees to establish a settlement fund to provide for (1) attorneys' fees and expenses in the amount approved by the Court, but not to exceed $875,000; (2) settlement administration expenses, not to exceed $xxx,xxx; (3) Class Representative service awards in the amount of $5,000 per named Class Representative; and (4) monetary benefits to Class Members who timely submit a valid claim.

Class Members who submit valid claims with Proof of Purchase may be entitled to up to ten dollars ($10.00) for each purchase during the Class Period, up to 10 products per household for a maximum benefit of $100. Settlement Class Members who submit a claim without Proof of Purchase may be entitled to a total settlement benefit of five dollars ($5.00). Pets Global also agrees to revise Product labels and marketing references so that any Product label that makes a "chicken free" and "grain free" claim no longer contains those representations.

**How do I file a claim?** Class Members may submit an online claim at www.PGPetFoodSettlement.com. They may also download and mail the claim form to Gifford v Pets Global Settlement, c/o JND Legal Administration, P.O. Box 91430, Seattle, WA 98111 or email: info@PGPetFoodSettlement.com. All Claim Forms must be submitted online or postmarked by **[MONTH, DAY, 2022]**.

**What are my other options?** You can do nothing, exclude yourself, or object to the Settlement. Do Nothing: If you do nothing, you will not get a payment and you will give up your right to sue or continue to sue Pets Global for the claims in this case.

Exclude Yourself: If you exclude yourself or remove yourself from the Class, you will not receive a payment. You will keep your right to sue or continue to sue Pets Global for the claims in this case. Exclusion requests must be postmarked by **[MONTH, DAY, 2022]**.

Object. If you do not exclude yourself from the Settlement you may object to it, or tell the Court what you don't like about the Settlement. Objections must be postmarked by **[MONTH, DAY, 2022]**.

For details about your rights and options and how to exclude yourself or object, go to www.PGPetFoodSettlement.com.

**What happens next?** The Court will hold a Final Approval Hearing on [MONTH, DAY, 2022] at [00:00 a/p.m] at the [COURT HOUSE ADDRESS], to consider whether to approve the Settlement, Class Counsel's attorneys' fees and expenses, and Class Representative service awards. The Court has appointed Milberg Coleman Bryson Phillips & Grossman, PPLC as Class Counsel. Class Counsel will answer any questions that the Court may have. You or your attorney may ask to speak at the hearing at your own cost, but you don't have to.

**How do I get more information?** For more information and to view the full notice, go to www.PGPetFoodSettlement.com, or contact the Settlement Administrator by writing Gifford v Pets Global Settlement, c/o JND Legal Administration, P.O. Box 91430, Seattle, WA 98111, emailing info@PGPetFoodSettlement.com, or calling 1-000-000-0000.

**PLEASE DO NOT CONTACT THE COURT OR THE COURT CLERK'S OFFICE**

# EXHIBIT D

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

PAUL GIFFORD, MARY LOU MOLINA, RANDY MILAND, KAREN PERRI on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

PETS GLOBAL INC., a California Corporation,

Defendant.

**Case No. 2:21-cv-02136-CJC-MRW**

**[PROPOSED] FINAL ORDER APPROVING CLASS SETTLEMENT**

Judge: Hon. Judge Cormac J. Carney

WHEREAS, the Parties have entered into a settlement agreement, with its attached Exhibits (collectively, the "Settlement"), signed and filed with this Court on __________, 2021 to settle *Gifford v. Pets Global Inc., No. 2:21-cv-02136-CJC-MRW*, filed in the United States District Court for the Central District of California (the "Action").

WHEREAS, by order dated _______________, 2021, this Court granted preliminary approval of the Settlement between the Parties in the Action, ordering publication notice to the Class, and providing potential Class Members with an opportunity either to exclude themselves from the Class (*i.e.*, opt out) or to object to the Settlement.

WHEREAS, the Court also provisionally certified a Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a final Fairness Hearing to take place on ___________, 2021.

WHEREAS, on that date, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered in the Action; (3) whether and in what amount to grant Incentive Awards to the Plaintiffs; and (4) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel.

WHEREAS, the Court considered all matters submitted to it at the Fairness Hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered. Notice was disseminated pursuant to the Declaration of the Settlement Administrator (attached as Exhibit "X" to the Settlement). Notices were published as provided in the Declaration of ____ dated ________, 2021, and reached an estimated ____ percent of the class.

WHEREAS, the Parties, through their counsel, reached a Settlement as a result of extensive arms'-length negotiations between them, facilitated by a full-day mediation and multiple follow-up discussions with a respected mediator, the Honorable Wayne R. Andersen (Retired). Counsel for the Parties are highly experienced class

action litigators, with full knowledge of the risks inherent in this Action. The extent of litigated motions, product inspections, consultation with industry personnel and experts, legal research, and independent investigations by counsel for the Parties, and the factual record compiled, suffices to enable the Parties to make an informed decision as to the fairness and adequacy of the Settlement.

WHEREAS, the Court has determined that the terms of the Settlement are fair, reasonable, and adequate.

WHEREAS, the Court has considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and has heard oral presentations by the Parties and all persons who requested to be heard, in compliance with the Preliminary Approval Order.

WHEREAS, based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. Incorporation of Other Documents. This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement, including all Exhibits thereto, and definitions included therein, which was signed and filed with this Court on ________, 2021; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement and Class Counsel's request for an award of Attorneys' Fees and Expenses and Incentive Awards to the Plaintiffs; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action. Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement shall have the meanings attributed to them in the Settlement.

2. Jurisdiction. The Court has personal jurisdiction over the Parties, and because due, adequate, and the best practicable notice has been disseminated, and all members of the Class have been given the opportunity to exclude themselves from or object to this Settlement, the Court has personal jurisdiction over all Class Members

(as defined below and in the Settlement). The Court has subject-matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. § 1332(d), including, without limitation, jurisdiction to approve the Settlement and all Exhibits attached thereto, certify the Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, enter judgment in the Action on the merits, and issue related orders. The Court finds that venue is proper in this county pursuant to 28 U.S.C. § 1391(b).

3. Final Class Certification For Settlement Purposes Only. The Court finds, for settlement purposes only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Plaintiffs have fairly and adequately represented the interests of the Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby finally certifies, for settlement purposes only, a Class consisting of all persons residing in the United States and its territories who purchased the Products in the United States and its territories for personal, family, or household purposes, and not for resale, after July 9, 2016 and prior to and including the Notice Date. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of Pets Global, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; (d) persons who timely and properly exclude themselves from

the Class as provided in this Settlement; and (e) the Court, the Court's immediate family, and Court staff.

4. Key Definitions.

a. As defined in the Settlement, "Product" or "Products" shall mean and are the products set forth in Exhibit "A" to the Settlement and attached hereto.

b. As defined in the Settlement, "Class Member(s)" means any member of the Class who does not elect exclusion (*i.e.*, opt out) from the Class pursuant to the terms and conditions for exclusion set out in the Settlement, the Class Notice, and the Court's Preliminary Approval Order.

5. Excluded Persons. Attached hereto as Exhibit "1" is the list of persons or entities who submitted timely and valid requests for exclusion from the Class. The Court finds that only those persons and entities listed in Exhibit "1" are not bound by this Final Order and the accompanying Final Judgment.

6. Adequacy of Representation. The Court designates Plaintiffs Sarah Hill and Monica O'Rourke as the representatives of the Class, and finds that these Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Settlement. The Court appoints Alex R. Straus, Daniel K. Bryson, J. Hunter Bryson, Arthur Stock of Milberg Coleman Bryson Phillips Grossman PLLC as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these attorneys are experienced and adequate Class Counsel.

7. Class Notice. The Court finds that the dissemination of the Class Notice in accordance with the terms of the Settlement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof: (a) constituted the best practicable notice to Class Members under the circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Action, the terms of the Settlement and their rights under the Settlement, including, but not limited to, their right to object

to any aspect of the Settlement or exclude themselves from the Settlement and to appear at the Fairness Hearing, and the binding effect of this Final Order and accompanying Final Judgment on all persons and entities who did not request exclusion from the Class; (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court.

8. CAFA Notice. The notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. Objections. A total of ____ Class Members submitted timely and proper Objections to the Settlement. Having considered those Objections and the Parties' responses to them, the Court finds that none of the Objections is well founded. Plaintiffs faced serious risks both on the merits of their claims and on the ability to maintain certification as a litigation class in this matter. The relief provided to the Settlement Classes pursuant to the Settlement Agreement is adequate, given the costs, risks, and delay of trial and appeal, and taking into consideration the attorney's fees this Court has awarded. *See* Fed. R. Civ. P. 23(e)(2)(C)(i), (iii). The Settlement also treats class members equitably relative to each other. *See* Fed. R. Civ. P. 23(e)(2)(D).

10. Final Settlement Approval. The terms and provisions of the Settlement, including any and all Exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Settlement is fair, adequate and reasonable in accordance with Rule 23 of the Federal Rules of Civil Procedure.

The Settlement is approved and all objections to the Settlement are overruled as without merit. The Parties and Class Members are hereby directed to implement and consummate the Settlement in accordance with its terms and provisions. The Settlement Administrator, in consultation with Class Counsel, shall take all steps necessary and appropriate to provide Class Members with the Benefit which they are eligible for under the terms of the Settlement.

11. Binding Effect. The terms of the Settlement and of this Final Order and the accompanying Final Judgment shall be forever binding on the Parties and all Class Members, and, to the extent on behalf of Plaintiffs and Class Members, their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

12. Settlement Consideration.

a. Monetary relief: As described in the Settlement, Defendant has agreed to pay Class Members who submit Valid Claims a maximum of $5.00 without Proof of Purchase per Household, and $10.00 for every $100.00 spent on Products with Proof of Purchase, up to a maximum of $100.00 per Household, pursuant to the terms of the Settlement.

b. Injunctive relief: Pets Global agrees to revise Product labels and marketing references so that any Product label that makes a "chicken free" and "grain free" claim no longer contains those representations. The obligations of Section IV.A.1 of the Settlement Agreement shall initiate immediately upon the Court's entering of a Final Approval Order. Pets Global will be able to sell all of the Product it has currently manufactured

as of the Final Approval Order that contains these representations irrespective of the terms in Section IV A1 of the Settlement Agreement.

c. Audits of Suppliers: As an additional agreement per this settlement, Pets Global agrees to audit all of the manufacturing plants of suppliers for a period of 5 years following the Court's Final Approval Order. The audits of Pets Global's suppliers will include at least the following, and such audit will happen at least once a year: the visual inspection of all manufacturing machines that process, store, or otherwise come into contact with the petfood manufactured within said facility and purchased by Pets Global, an audit of the manufacturer's manufacturing process and sourcing records, to confirm the accuracy of the ingredients being used in Pets Global's Products, ensuring that all of the manufacturing processes used by the manufacturing plant adhere to quality control standards.

13. The following Release, which is also set forth in Section VI of the Settlement, is expressly incorporated herein in all respects, including all defined terms used in the Settlement. It is effective as of the date of this Final Order and the accompanying Final Judgment; and by operation of this Final Order and the accompanying Final Judgment shall have fully, finally and forever released, relinquished, and discharged shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge Settling Defendant, and all of their present and former parent companies, subsidiaries, special purposes entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other

entities or persons upstream and downstream in the production/distribution channels (together, the "Released Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Class Counsel, Plaintiffs' Counsel, Class Representatives, or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the allegations or claims in the Action, including that the Products were misleadingly labeled, marketed, or sold, or that relate to the labeling and marketing of the Products, except that there shall be no release of claims for personal injury allegedly arising out of use of the Products (the "Released Claims").

14.    Class Members who have opted out of the Settlement are not releasing their claims and will not obtain any Benefit from the Settlement.

The Released Claims include known and unknown claims relating to the Action. Plaintiffs and Class Members expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and Class Members expressly waived and relinquished any and all rights or Benefits that they may have under, or that may be conferred upon them by,

the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or Benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, Plaintiffs and the Class Members acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have or may have against the Released Parties. In furtherance of such intention, the Release given by Plaintiffs and the Class Members to the Released Parties shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledged that he/she/it has been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties expressly waived whatever Benefits he/she/it may have had pursuant to such section (or comparable or similar provisions under the laws of other states or jurisdictions). Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this Release is a part.

15. Prohibition on Reasserting Released Claims. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members. All Plaintiffs and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Class, are hereby permanently barred and enjoined from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in, or receiving any

benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiffs or Class Members, seeking to certify a class that includes Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16. Enforcement of Settlement. Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement or impair this Court's continuing jurisdiction to enforce the Settlement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the claim process described in the Settlement if they are entitled to do so under the terms of the Settlement.

17. Attorneys' Fees and Expenses and Incentive Awards. The Court is concurrently issuing a separate Order with respect to Attorneys' Fees and Expenses and Incentive Awards to the Plaintiffs, entitled "Final Order Approving Attorneys' Fees and Expenses and Incentive Awards."

18. Modification of Settlement Agreement. The Parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Settlement and its implementing documents (including all Exhibits) without further notice to the Class or approval by the Court if such changes are consistent with this Final Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights of Class Members under the Settlement.

19. Retention of Jurisdiction. The Court has jurisdiction to enter this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the accompanying Final Judgment (together, "Final Orders"). Without in any way affecting the finality of these Final Orders and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration,

consummation, enforcement and interpretation of the Settlement and of these Final Orders and the accompanying Final Judgment, and for any other necessary purpose, including:

a. enforcing the terms and conditions of the Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement, this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment; and whether persons or entities are foreclosed from pursuing any claims against Defendant);

b. entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Settlement (including, without limitation, orders prohibiting persons or entities from pursuing any claims against Defendant), or dismissing all claims on the merits and with prejudice, and prohibiting Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of the Settlement;

c. addressing any violation of the requirements in the Settlement; and

d. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Settlement.

20. No Admissions. Neither the Settlement, nor any of its provisions, nor any negotiations, statements or court proceedings relating to its provisions in any way shall be:

a.    construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the Settlement or the rights of the Parties or their counsel;

b.    construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Defendant, the Released Parties, Plaintiffs, the Class, or Class Counsel or as a waiver by Defendant, the Released Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses; and/or

c.    deemed a presumption, concession, or admission by Defendant of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any other actions or proceedings.

21.    Notwithstanding the foregoing, Defendant may file the Settlement, this Final Order and accompanying Final Judgment, and/or any of the documents or statements referred to therein in support of any defense or claim that this Final Order and accompanying Final Judgment is binding on and shall have *res judicata*, collateral estoppel, and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and/or any other Class Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

22.    The Court hereby enters judgment in favor of Defendant in the Action (including all individual and Class claims presented therein), without fees or costs to any Party except as otherwise provided in this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Settlement.

23.    In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees

and Expenses and Incentive Awards, the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

DATED: ___________________ ___________________________________

The Honorable Cormac J. Carney

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

PAUL GIFFORD, MARY LOU MOLINA, RANDY MILAND, KAREN PERRI on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

PETS GLOBAL INC., a California Corporation,

Defendant.

**Case No. 2:21-cv-02136-CJC-MRW**

**[PROPOSED] FINAL JUDGMENT**

Judge: Hon. Judge Cormac J. Carney

IT IS on this _____ day of ___________, 2021, HEREBY ADJUDGED AND DECREED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 23(e) THAT:

1. The settlement of *Gifford v. Pets Global Inc.*, No. 2:21-cv-02136-CJC-MRW, pending in the United States District Court for the Central District of California (the "Action"), on the terms set forth in the Parties' Settlement, with Exhibits and definitions included therein (collectively, the "Settlement"), signed and filed with this Court on ___________, 2021, is finally approved.

2. The following Class is granted final certification for settlement purposes only under Federal Rule of Civil Procedure 23(e): All persons residing in the United States and its territories who purchased the Products in the United States and its territories for personal, family, or household purposes, and not for resale, after July 9, 2016 and prior to and including the Notice Date. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of Canidae, or its subsidiaries and affiliated companies; (b) persons or entities who purchased the Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; (d) persons who timely and properly exclude themselves from the Class as provided in this Settlement; and (e) the Court, the Court's immediate family, and Court staff.

3. "Product" or "Products" shall mean and are the products set forth in Exhibit "A" to the Settlement, a copy of which is attached hereto.

4. The dissemination of the Class Notice in accordance with the terms of the Settlement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing:
(a) constituted the best practicable notice to the Class under the circumstances;
(b) constituted notice that was reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action, the terms of the Settlement and their rights under the Settlement (including, but not limited to, their right to object to any

aspect of the Settlement and to appear at the Fairness Hearing, or exclude themselves from the Settlement), and the binding effect of the Final Orders and this Final Judgment on all persons and entities who did not request exclusion from the Class; (c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court.

5.      Only those persons and entities listed in the Final Order Approving Class Action Settlement and issued concurrently herewith, a copy of which is attached hereto as Exhibit "1," have submitted timely and valid requests for exclusion from the Class and are therefore not bound by this Final Judgment and the accompanying Final Order Approving Class Action Settlement.

6.      Judgment is entered in favor of Defendant pursuant to the terms (including the Release) set forth in the Parties' Settlement and in the Court's Final Order Approving Class Action Settlement and Final Order Approving Attorneys' Fees and Expenses and Incentive Awards (together, "Final Orders"), without costs to any party except as provided in these Final Orders.

7.      All Plaintiffs and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Class Members, who have not been timely excluded from the Class are hereby permanently barred and enjoined from:  (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in, or receiving any benefits from any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiffs or Class Members, seeking to certify a class that includes Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

8. The Settlement Administrator, in consultation with Class Counsel, shall take all steps necessary and appropriate to provide Class Members with the Benefits for which they are eligible under the terms of the Settlement and pursuant to the Orders of the Court.

9. Class Counsel shall be awarded $__________________ in Attorneys' Fees and Expenses, which amount is approved as fair and reasonable, in accordance with the terms of the Settlement.

10. Plaintiffs shall be awarded the following Incentive Awards in their capacity as Plaintiffs in this Action: Paul Gifford ($____), Randy Miland ($____), and Mary Lou Molina ($____).

11. The Court will retain jurisdiction over the Parties and the Action for the reasons and purposes set forth in this Final Judgment, the Final Order Approving Class Action Settlement, and the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards. Without in any way affecting the finality of these Final Orders and/or this Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement and of these Final Orders and this Final Judgment, and for any other necessary purpose.

DATED: __________________ ________________________________

The Honorable Cormac J. Carney

1.     **Exhibit 1:  List of Persons Who Requested Exclusion**