**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PAUL GIFFORD, MARY LOU MOLINA, RANDY MILAND, KAREN PERRI on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PETS GLOBAL INC., a California Corporation,<br><br>Defendant. | Case No. 2:21-cv-02136-CJC-MRW<br><br>**FINAL ORDER APPROVING CLASS SETTLEMENT**<br><br>Judge: Hon. Judge Cormac J. Carney |

WHEREAS, the Parties have entered into a settlement agreement, with its attached Exhibits (collectively, the "Settlement"), signed and filed with this Court on October 25, 2021 to settle *Gifford v. Pets Global Inc., No. 2:21-cv-02136-CJC-MRW*, filed in the United States District Court for the Central District of California (the "Action").

WHEREAS, by order dated June 24, 2022, this Court granted preliminary approval of the Settlement between the Parties in the Action, ordering publication notice to the Class, and providing potential Class Members with an opportunity either to exclude themselves from the Class (*i.e.*, opt out) or to object to the Settlement.

WHEREAS, the Court also provisionally certified a Class for settlement purposes only, approved the procedure for giving notice and forms of notice, and set a final Fairness Hearing to take place on December 12, 2022.

WHEREAS, on that date, the Court held a duly noticed Fairness Hearing to consider: (1) whether the terms and conditions of the Settlement are fair, reasonable and adequate; (2) whether a judgment should be entered in the Action; (3) whether and in what amount to grant Incentive Awards to the Plaintiffs; and (4) whether and in what amount to award Attorneys' Fees and Expenses to Class Counsel.

WHEREAS, the Court considered all matters submitted to it at the Fairness Hearing and otherwise, and it appears that notice substantially in the form approved by the Court was given in the manner that the Court ordered. Notice was disseminated pursuant to the Declaration of the Settlement Administrator (attached as Exhibit "3" to the Settlement). Notices were published as provided in the Declaration of Gina Intrepido-Bowden dated November 21, 2022, and reached an estimated 70% percent of the class.

WHEREAS, the Parties, through their counsel, reached a Settlement as a result of extensive arms'-length negotiations between them, facilitated by a full-day mediation and multiple follow-up discussions with a respected mediator, the

Honorable Wayne R. Andersen (Retired). Counsel for the Parties are highly experienced class action litigators, with full knowledge of the risks inherent in this Action. The extent of litigated motions, product inspections, consultation with industry personnel and experts, legal research, and independent investigations by counsel for the Parties, and the factual record compiled, suffices to enable the Parties to make an informed decision as to the fairness and adequacy of the Settlement.

WHEREAS, the Court has determined that the terms of the Settlement are fair, reasonable, and adequate.

WHEREAS, the Court has considered the papers submitted by the Parties and by all other persons who timely submitted papers in accordance with the Preliminary Approval Order, and has heard oral presentations by the Parties and all persons who requested to be heard, in compliance with the Preliminary Approval Order.

WHEREAS, based on all of the foregoing, together with this Court's familiarity with the Action, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. <u>Incorporation of Other Documents</u>. This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the Settlement, including all Exhibits thereto, and definitions included therein, which was signed and filed with this Court on October 25, 2021; (b) the briefs, affidavits, declarations, and other materials filed in support of the Settlement and Class Counsel's request for an award of Attorneys' Fees and Expenses and Incentive Awards to the Plaintiffs; (c) the record at the Fairness Hearing; (d) the documents listed on the docket sheet or otherwise submitted to the Court; and (e) all prior proceedings in the Action. Except where otherwise noted, all capitalized terms used in this Final Order Approving Class Action Settlement shall have the meanings attributed to them in the Settlement.

2. <u>Jurisdiction</u>. The Court has personal jurisdiction over the Parties, and because due, adequate, and the best practicable notice has been disseminated, and

all members of the Class have been given the opportunity to exclude themselves from or object to this Settlement, the Court has personal jurisdiction over all Class Members (as defined below and in the Settlement). The Court has subject-matter jurisdiction over the claims asserted in the Action pursuant to 28 U.S.C. § 1332(d), including, without limitation, jurisdiction to approve the Settlement and all Exhibits attached thereto, certify the Class for settlement purposes, settle and release all claims arising out of the transactions alleged in this Action, enter judgment in the Action on the merits, and issue related orders. The Court finds that venue is proper in this county pursuant to 28 U.S.C. § 1391(b).

       3.    <u>Final Class Certification For Settlement Purposes Only</u>. The Court finds, for settlement purposes only, that the prerequisites for a class action under Federal Rule of Civil Procedure 23 have been satisfied in that: (a) the number of Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of the Plaintiffs are typical of the claims of the Class they seek to represent; (d) the Plaintiffs have fairly and adequately represented the interests of the Class and will continue to do so, and the Plaintiffs have retained experienced counsel to represent them; (e) the questions of law and fact common to the Class Members predominate over any questions affecting any individual Class Member; and (f) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

Pursuant to Federal Rule of Civil Procedure 23(e), this Court hereby finally certifies, for settlement purposes only, a Class consisting of all persons residing in the United States and its territories who purchased the Products in the United States and its territories for personal, family, or household purposes, and not for resale, after July 9, 2016 and prior to and including the Notice Date. Excluded from the Class are (a) all persons who are employees, directors, officers, and agents of Pets Global, or its subsidiaries and affiliated companies; (b) persons or entities who

purchased the Products primarily for the purposes of resale to consumers or other resellers; (c) governmental entities; (d) persons who timely and properly exclude themselves from the Class as provided in this Settlement; and (e) the Court, the Court's immediate family, and Court staff.

4. Key Definitions.

    a. As defined in the Settlement, "Product" or "Products" shall mean and are the products set forth in Exhibit "A" to the Settlement and attached hereto.

    b. As defined in the Settlement, "Class Member(s)" means any member of the Class who does not elect exclusion (*i.e.*, opt out) from the Class pursuant to the terms and conditions for exclusion set out in the Settlement, the Class Notice, and the Court's Preliminary Approval Order.

5. Excluded Persons. Attached hereto as Exhibit "1" is the list of persons or entities who submitted timely and valid requests for exclusion from the Class. The Court finds that only those persons and entities listed in Exhibit "1" are not bound by this Final Order and the accompanying Final Judgment.

6. Adequacy of Representation. The Court designates Plaintiffs Sarah Hill and Monica O'Rourke as the representatives of the Class, and finds that these Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Settlement. The Court appoints Alex R. Straus, Daniel K. Bryson, J. Hunter Bryson, Arthur Stock of Milberg Coleman Bryson Phillips Grossman PLLC as counsel for the Class ("Class Counsel"). For purposes of these settlement approval proceedings, the Court finds that these attorneys are experienced and adequate Class Counsel.

7. Class Notice. The Court finds that the dissemination of the Class Notice in accordance with the terms of the Settlement and this Court's Preliminary Approval Order, as described in the Settlement Administrator's Declaration filed before the Fairness Hearing, a copy of which is incorporated herein and made a part hereof: (a) constituted the best practicable notice to Class Members under the

circumstances; (b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Class of the pendency of the Action, the terms of the Settlement and their rights under the Settlement, including, but not limited to, their right to object to any aspect of the Settlement or exclude themselves from the Settlement and to appear at the Fairness Hearing, and the binding effect of this Final Order and accompanying Final Judgment on all persons and entities who did not request exclusion from the Class; (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to be provided with notice; and (d) met all applicable requirements of law, including, but not limited to, the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and the Rules of this Court.

8. CAFA Notice. The notice provided by the Class Administrator to the appropriate State and federal officials pursuant to 28 U.S.C. § 1715 fully satisfied the requirements of that statute.

9. Objections. A total of 1 Class Members submitted timely and proper Objections to the Settlement. Having considered those Objections and the Parties' responses to them, the Court finds that none of the Objections is well founded. Plaintiffs faced serious risks both on the merits of their claims and on the ability to maintain certification as a litigation class in this matter. The relief provided to the Settlement Classes pursuant to the Settlement Agreement is adequate, given the costs, risks, and delay of trial and appeal, and taking into consideration the attorney's fees this Court has awarded. See Fed. R. Civ. P. 23(e)(2)(C)(i), (iii). The Settlement also treats class members equitably relative to each other. See Fed. R. Civ. P. 23(e)(2)(D).

10. Final Settlement Approval. The terms and provisions of the Settlement, including any and all Exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, the Plaintiffs and the Class Members, and in full compliance with all

applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and any other applicable law. The Court finds that the Settlement is fair, adequate and reasonable in accordance with Rule 23 of the Federal Rules of Civil Procedure.

The Settlement is approved and all objections to the Settlement are overruled as without merit. The Parties and Class Members are hereby directed to implement and consummate the Settlement in accordance with its terms and provisions. The Settlement Administrator, in consultation with Class Counsel, shall take all steps necessary and appropriate to provide Class Members with the Benefit which they are eligible for under the terms of the Settlement.

11. <u>Binding Effect</u>. The terms of the Settlement and of this Final Order and the accompanying Final Judgment shall be forever binding on the Parties and all Class Members, and, to the extent on behalf of Plaintiffs and Class Members, their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

12. <u>Settlement Consideration</u>.

   a. <u>Monetary relief:</u> As described in the Settlement, Defendant has agreed to pay Class Members who submit Valid Claims a maximum of $5.00 without Proof of Purchase per Household, and $10.00 for every $100.00 spent on Products with Proof of Purchase, up to a maximum of $100.00 per Household, pursuant to the terms of the Settlement.

   b. <u>Injunctive relief:</u> Pursuant to Section IV.A.1 of the Settlement Agreement, Pets Global will use Product labels and marketing

references so that any Product label that makes a "chicken free" and "grain free" claim no longer contains those representations. Currently, Pets Global is already using new labeling for a majority of Products in the market place and anticipates having only new labeling in the market place prior to the end of 2022.

    c. <u>Audits of Suppliers</u>: As an additional agreement per this settlement, Pets Global agrees to audit all of the manufacturing plants of suppliers for a period of 5 years following the Court's Final Approval Order. The audits of Pets Global's suppliers will include at least the following, and such audit will happen at least once a year: the visual inspection of all manufacturing machines that process, store, or otherwise come into contact with the petfood manufactured within said facility and purchased by Pets Global, an audit of the manufacturer's manufacturing process and sourcing records, to confirm the accuracy of the ingredients being used in Pets Global's Products, ensuring that all of the manufacturing processes used by the manufacturing plant adhere to quality control standards.

    13.    The following Release, which is also set forth in Section VI of the Settlement, is expressly incorporated herein in all respects, including all defined terms used in the Settlement. It is effective as of the date of this Final Order and the accompanying Final Judgment; and by operation of this Final Order and the accompanying Final Judgment shall have fully, finally and forever released, relinquished, and discharged shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties. Upon the Effective Date, and except as to such rights or claims as may be created by this Agreement, and in consideration for the Settlement benefits described in this Agreement, Plaintiffs and the Settlement Class fully release and discharge Settling Defendant, and all of their present and former parent companies, subsidiaries, special

purposes entities formed for the purpose of administering this Settlement, shareholders, owners, officers, directors, employees, agents, servants, registered representatives, attorneys, insurers, affiliates, and successors, personal representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any and all other entities or persons upstream and downstream in the production/distribution channels (together, the "Released Parties") from all claims, demands, actions, and causes of action of any kind or nature whatsoever, whether at law or equity, known or unknown, direct, indirect, or consequential, liquidated or unliquidated, foreseen or unforeseen, developed or undeveloped, arising under common law, regulatory law, statutory law, or otherwise, whether based on federal, state or local law, statute, ordinance, regulation, code, contract, common law, or any other source, or any claim that Class Counsel, Plaintiffs' Counsel, Class Representatives, or Settlement Class Members ever had, now have, may have, or hereafter can, shall or may ever have against the Released Parties in any court, tribunal, arbitration panel, commission, agency, or before any governmental and/or administrative body, or any other adjudicatory body, on the basis of, arising from, or relating to the allegations or claims in the Action, including that the Products were misleadingly labeled, marketed, or sold, or that relate to the labeling and marketing of the Products, except that there shall be no release of claims for personal injury allegedly arising out of use of the Products (the "Released Claims").

14.   Class Members who have opted out of the Settlement are not releasing their claims and will not obtain any Benefit from the Settlement.

The Released Claims include known and unknown claims relating to the Action. Plaintiffs and Class Members expressly, knowingly, and voluntarily waived the provisions of Section 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs and Class Members expressly waived and relinquished any and all rights or Benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable, or equivalent to Section 1542, to the fullest extent that they may lawfully waive such rights or Benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, Plaintiffs and the Class Members acknowledged that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have or may have against the Released Parties. In furtherance of such intention, the Release given by Plaintiffs and the Class Members to the Released Parties shall be and remain in effect as a full and complete release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledged that he/she/it has been advised by his/her/its attorney of the contents and effect of Section 1542, and with knowledge, each of the Parties expressly waived whatever Benefits he/she/it may have had pursuant to such section (or comparable or similar provisions under the laws of other states or jurisdictions). Plaintiffs acknowledge, and the Class Members shall be deemed by operation of the Final Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a material element of the Settlement of which this Release is a part.

15. <u>Prohibition on Reasserting Released Claims</u>. The Court orders that, upon the Effective Date, the Settlement shall be the exclusive remedy for any and

all Released Claims of Plaintiffs and Class Members.  All Plaintiffs and Class Members and/or their representatives, and all persons acting on behalf of, or in concert or participation with such Plaintiffs or Class Members (including but not limited to the Releasing Parties), who have not been timely excluded from the Class, are hereby permanently barred and enjoined from:  (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in, or receiving any benefits from, any lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims; and (b) bringing an individual action or class action on behalf of Plaintiffs or Class Members, seeking to certify a class that includes Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, in any lawsuit based upon or asserting any of the Released Claims.

16. <u>Enforcement of Settlement</u>.  Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement or impair this Court's continuing jurisdiction to enforce the Settlement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the claim process described in the Settlement if they are entitled to do so under the terms of the Settlement.

17. <u>Attorneys' Fees and Expenses and Incentive Awards</u>. The Court is concurrently issuing a separate Order with respect to Attorneys' Fees and Expenses and Incentive Awards to the Plaintiffs, entitled "Final Order Approving Attorneys' Fees and Expenses and Incentive Awards."

18. <u>Modification of Settlement Agreement</u>. The Parties are hereby authorized, without needing further approval from the Court, to agree to written amendments, modifications, or expansions of the Settlement and its implementing documents (including all Exhibits) without further notice to the Class or approval by

the Court if such changes are consistent with this Final Order and the accompanying Final Judgment and do not materially alter, reduce, or limit the rights of Class Members under the Settlement.

      19.    <u>Retention of Jurisdiction</u>.  The Court has jurisdiction to enter this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, and the accompanying Final Judgment (together, "Final Orders").  Without in any way affecting the finality of these Final Orders and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement and of these Final Orders and the accompanying Final Judgment, and for any other necessary purpose, including:

          a.    enforcing the terms and conditions of the Settlement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement, this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member; and whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and the accompanying Final Judgment; and whether persons or entities are foreclosed from pursuing any claims against Defendant);

          b.    entering such additional Orders, if any, as may be necessary or appropriate to protect or effectuate this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Settlement (including, without limitation, orders prohibiting persons or entities from pursuing any claims against Defendant), or dismissing all claims on the merits and with prejudice, and prohibiting Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of the Settlement;

   c. addressing any violation of the requirements in the Settlement; and

   d. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights as provided in the Settlement.

  20. <u>No Admissions</u>.  Neither the Settlement, nor any of its provisions, nor any negotiations, statements or court proceedings relating to its provisions in any way shall be:

   a. construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce the Settlement or the rights of the Parties or their counsel;

   b. construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Defendant, the Released Parties, Plaintiffs, the Class, or Class Counsel or as a waiver by Defendant, the Released Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses; and/or

   c. deemed a presumption, concession, or admission by Defendant of any fault, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any other actions or proceedings.

  21. Notwithstanding the foregoing, Defendant may file the Settlement, this Final Order and accompanying Final Judgment, and/or any of the documents or statements referred to therein in support of any defense or claim that this Final Order and accompanying Final Judgment is binding on and shall have *res judicata*, collateral estoppel, and/or preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and/or any other Class

Members, and each of them, as well as their heirs, executors, administrators, successors, assigns, and/or any other of the Releasing Parties.

22. The Court hereby enters judgment in favor of Defendant in the Action (including all individual and Class claims presented therein), without fees or costs to any Party except as otherwise provided in this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and the Settlement.

23. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Final Order, the Final Order Approving Attorneys' Fees and Expenses and Incentive Awards, the accompanying Final Judgment, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

DATED: December 13, 2022

_____
The Honorable Cormac J. Carney

# Exhibit 1

| JND Unique ID | FormType | SubmittedDate | Last Name | First Name | Mailing Address | Address I City | State | Zip Code | Country | PhoneNumber | SignatureDate | Signature |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| PJUQNBXZ7C | Exclusion | 9/3/2022 16:04 | Hwang | Robert | 155 Elk Drive Apt 3311 | Burleson | TX | 76028 | US | (530) 521-7343 | 9/3/2022 | Robert Hwang |
| PKRUPGYZNT | Exclusion | 9/12/2022 3:45 | Altamirano | Bertha | 5675 Roswell Rd 17b | Atlanta | GA | 30342 | US | (678) 600-6147 | 9/11/2022 | Bertha A |
| PC78JS239G | Exclusion | 9/29/2022 19:58 | Purdy | Kristie | 7009 Mountainside Dr | Citrus Heights | CA | 95621 | US | (916) 410-5269 | 9/29/2022 | Kristie Purdy |
| PVLCBDHF5P | Exclusion | 9/30/2022 19:33 | Owens | Ben | 191 Macedonia Rd | Hardeeville | SC | 29927 | US | (843) 812-5580 | 9/30/2022 | Ben Owens |
| P9AQGP2BHF | Exclusion | 10/1/2022 22:40 | GUERRA | ELSA | 825 E LEHIGH DR Unit E | DELTONA | FL | 32738 | US | (178) 650-3171 | 10/1/2022 | ELSA GUERRA |
| PL4F8H2NPB | Exclusion | 10/9/2022 9:46 | Greenwood | Erica | 100 maddux Ct Apt C-4 | Algood | TN | 38506 | US | (931) 255-0301 | 10/9/2022 | Erica Greenwood |
| PDL72W5JCS | Exclusion | 10/10/2022 0:34 | CHEW | JOHNNY | 3955 58thst | Flushing | NY | 11377 | US | (185) 591-2143 | 10/9/2022 | Johnny Chew |
| P9R4BAFHVK | Exclusion | 10/14/2022 17:07 | Derrickson | Vicki | 1114 STERLING DR | Rockford | IL | 61107 | | (815) 298-2667 | 10/14/2022 | vicki derrickson |
| PKSJ6QL7V9 | Exclusion | 10/27/2022 14:44 | Adams | Barry | 533 3rd Ave w 804 | Seattle | WA | 98119 | | (206) 294-0361 | 10/27/2022 | Barry Adams |